STEPHEN POTTER, Appellant, v. THE FORT MADISON LOAN AND TRUST BUILDING ASSOCIATION, Appellee.

**Mortgages:** FORECLOSURE: EXTENSION OF TIME OF REDEMPTION: PA-
1 ROL EVIDENCE. A parol agreement to exclude the period of re-
demption from a sale on foreclosure of a mortgage, and con-
veyance to the mortgagee of the premises by the mortgagor,
must be supported by evidence which is clearly satisfactory
and convincing. In the instant case the evidence is held in-
sufficient to meet the rule.

**Res judicata.** A judgment of ejectment against a mortgagor in
2 possession after foreclosure, from which no appeal was taken,
in which he based his right to possession on an agreement to
extend the period of redemption, is conclusive against him in
a subsequent action to redeem from the foreclosure.

**Same.** A judgment of foreclosure constitutes an irrevocable find-
3 ing as to the amount due on the mortgage, and this question
cannot be relitigated in a subsequent .action to redeem, based
solely on an alleged agreement to extend the time for redemp-
tion.

*Appeal from Lee District Court.*— HON. HENRY BANK, JR.,
Judge.

THURSDAY, FEBRUARY 14, 1907.

SUIT in equity to redeem certain premises from a fore-
closure sale. Decree dismissing plaintiff's petition, and he
appeals.— *Affirmed.*

*John L. Benbow,* for appellant.

*W. S. Hamilton* and *E. C. Weber,* for. appellee.

DEEMER, J.— W. E. Goode and her husband borrowed
money of defendant, and gave a mortgage upon their prop-
erty as security for the loan. Becoming delinquent in their
payments this mortgage was foreclosed in the district court

of Lee County, Iowa; decree being rendered February 1, 1902. To save the costs incident to a sale, it was agreed that Goode should deed the premises to the association, and pursuant thereto, a warranty deed was executed April 30, 1902. May 6, 1903, the Goodes leased the premises for one year from May 1, 1903, from the association, agreeing to pay as rental therefor, the sum of $10.45 per month. December 4, 1903, the Goodes executed a conveyance of the property to plaintiff herein. The deed was a quitclaim for the expressed consideration of $1. Some time in the year 1904 defendant brought action to eject plaintiff from the premises, and on March 22, 1904, pursuant to judgment in that case, plaintiff was evicted under writ of ejectment. March 16, 1904, plaintiff commenced this action to redeem, claiming that defendant, " on the 30th day of April, 1902, required M. E. Goode and husband to execute a deed to said real estate hereinbefore described with the understanding and agreement that the defendant would reconvey to M. E. Goode the said real estate upon the payment of the indebtedness due the defendant association, including the costs of the said proceedings; that said M. E. Goode made many payments upon said indebtedness and to apply thereon." Defendant denied this claim, and pleaded the foreclosure decree, and the judgment in the ejectment case as an adjudication and a bar to plaintiff's right to recover.

Going to the testimony, we find it established beyond question that when the original deed was made by the Goodes to defendant it was agreed that they should have the same time to redeem as if the land had been sold at sheriff's sale, and that subsequent to the execution thereof and to the expiration of the year of redemption on April 30, 1903, the Goodes paid the defendant the sum of $30. The lease already mentioned was made May 6, 1903, and provided for a rental of $10.45 per month. After the making thereof, the amount called for as rent was paid for the months of May, June, July, August, September, and a part of October

of the year 1903, and in November plaintiff tendered the equivalent of another month's rent. In the latter part of the year 1903 defendant brought proceedings to eject plaintiff, and in that suit plaintiff pleaded in answer practically the same matters set up in this case, and averred that he was in possession of the property under the agreement pleaded in this case. That action was transferred to the district court, resulting in a judgment of eviction which was rendered March 12, 1904. Pursuant to a writ upon that judgment plaintiff was ejected March 21st, or 22d, of the year 1904, and has not occupied the property since that date.

This action was commenced March 16, 1904. If this were all there is in the case, there could be no doubt of the correctness of the decree of the trial court. But plaintiff

1. MORTGAGES: foreclosure; extension of time of redemption: parol evidence.

contends, and introduced testimony to show, that, at or about the time of the making of the lease, it was orally agreed that the period of redemption should be extended, and that the lease was given to secure the payments to be made in redemption. The testimony offered in support of this claim is not very satisfactory. Plaintiff obtained his deed for the property December 4, 1903; and he testified that he said to one of defendant's officers, who was asking him to sign the lease, that he would not do so until he had the proper papers to show "that the place would be in my favor in case I paid off," and that he never did sign the paper. Another witness testified to hearing a conversation between an officer of the company and Mrs. Goode, in which this officer agreed that they (the Goodes) might have another year or until May 1, 1904, in which to redeem. This is denied by the officer, who said that he expressly refused to give more time within which to redeem; and in this he is corroborated by the form of the papers themselves and by the fact that plaintiff did not sign the lease, but, as he admits, expressly refused to do so. All the written evidence in the case is against plaintiff's contention, and it may well be doubted whether he, as

owner of the property, ever had any agreement whatever with defendant. Surely there was no agreement at any time to reconvey. He did not sign the lease, and does not say that he was ever given time to redeem. He did not pay the rent as agreed, and, until the commencement of the ejectment suit, made no claim that he had any agreement to redeem. As between the original parties to the foreclosure and deed, it doubtless might be shown under proper pleadings that there was an agreement as to redemption which was extended from time to time; but the testimony to establish such fact should be clear, satisfactory, and convincing. The deed to the defendant from the Goodes was a full warranty one and the lease is in apparent contradiction of plaintiff's present claim. These papers are absolute and unqualified in form, and the testimony to overcome them must be something more than a bare preponderance. The rule of law is well settled that it must be clear, satisfactory, and convincing. Plaintiff did not become bound under the lease, and while it may be that, as successor in interest to the Goodes, he might establish by parol an extension of the period of redemption after the taking of his conveyance, the testimony on that point must be strong and conclusive. It is not so in this case.

Aside from this, however, the judgment in the ejectment case seems to be a complete adjudication of the matters now in dispute. When that action was brought, plaintiff was in possession under claim of right based upon an alleged agreement for an extension of the period of redemption. If these facts were shown, he had a right to the possession which neither a court of law nor of equity would deprive him of. He set forth all matters now relied upon by him in his answer in the ejectment suit, and was defeated in that action. This was a determination that he was wrongfully in possession of the property, and necessarily an adjudication that he had no right thereto under the agreement pleaded by him. That

2. Res Judicata.

judgment was not appealed from, and must be regarded as conclusive. A grantor by conveyance found to be a mortgage or its equivalent is entitled to possession of the premises. *Harrington v. Foley,* 108 Iowa, 293; *Adams v. Holden,* 111 Iowa, 59; *Radford v. Folsom,* 58 Iowa, 473.

Plaintiff's right of possession, if he had any, was not a mere equitable one. Under our procedure he might, of course, have been removed if he were holding over after the termination of his lease, but he signed no lease, and he had not failed to pay rent thereunder. Defendant in the ejectment suit was in possession after a sale on foreclosure, or the equivalent thereof, and in such cases the title may be investigated, as provided in section 4216 of the 'Code, and the case is tried as in equity. But, however this may be, the district court had jurisdiction of the parties and of the subject-matter, and precisely the same issue was presented in that case as in this, without objection from either party. Under well known and familiar principles, the finding on such issues amounted to an adjudication binding upon both parties. It is not a case where title was admitted to be in defendant, as contended by appellant's counsel.

Many other questions are presented in argument which are not raised in the pleadings. Appellant's counsel seems to assume that, without pleading, he may have the original decree of foreclosure and judgment in favor of defendant; the judgment and decree in the eviction case set aside, and the lease disregarded without a pleading attacking either. Surely this judgment rendered in the foreclosure proceedings was binding, and an irrevocable finding as to the amount due from the Goodes to the defendant; and yet counsel argues that we may go back to the original loan find usury, and overpayments and restate the original account. The lease is quite suggestive, and, aside from the plea of former adjudication, the only question is, was there an extension of the period of redemption from May 1, 1903, to May 1, 1904? Surely plaintiff made

3. SAME.

no such agreement himself, and the Goodes, having parted with their title, do not claim to have made such an agreement on their own behalf.  The value of the property is not shown.  The original judgment was for $572.19, with attorney's fees and costs, amounting to $47.91.  No equities appear unless it be in the fact that the Goodes paid about $30 to defendant during the year of redemption, which it is conceded they had.  They ask nothing on this account, however, and, if they did, it appears that they have not paid their rent under the lease.  We have gone over the entire record with care, and find no reason for disturbing the decree.

It is therefore *affirmed*.