426 P.2d 786

Lavelle J. W. REGER and Ermina E. Reger, his wife, Plaintiffs-Appellees,

v.

Justo SANCHEZ, Jr. and Lucy Sanchez, his wife, Defendants-Appellants.

No. 8239.

Supreme Court of New Mexico.

April 24, 1967.

Matteucci, Domenici & Matteucci, Albuquerque, for appellants.

Shaffer, Butt & Bass, Albuquerque, for appellees.

## OPINION

CARMODY, Justice.

Plaintiffs' suit was to enforce an oral agreement which allegedly extended the right of redemption in property sold at a foreclosure sale. From a judgment in favor of the plaintiffs, the defendants appeal. We reverse.

Plaintiffs had been the owners of certain real estate which was sold at a foreclosure sale on October 22, 1962. The defendant was the mortgagee and purchaser at the sale. The redemption period under a deed of trust provided for a three-month redemption period, which expired on January 22, 1963. It was claimed by the plaintiff and so found by the trial court that, about a week before the redemption period expired, the defendant Sanchez agreed in a telephone conversation to extend the redemption period until the plaintiff Reger could settle a disputed claim with the Internal Revenue Service. Plaintiff claimed that, relying on this agreement, he did not redeem the property although he was ready and able to redeem the same if the defendant refused to extend the period. The Internal Revenue Service lien was released of record in June of 1964, and about two weeks later the defendant refused plaintiff's request that he be allowed to redeem. During the period from the original date of sale in 1962 until November 22, 1964, plaintiff paid the sum of $350.00 per month rental on the property. The case was filed on April 1, 1965. The trial court concluded that, under the circumstances, 17½ months was not an unreasonable time for the extension of the redemption period and that the defendant was estopped from relying upon the redemption period provided in the deed of trust.

The plaintiff's evidence to sustain the oral agreement was basically his version of the telephone conversation with the defendant prior to the expiration of the original ninety days which was denied by the defendant. The only other testimony which served in any manner to corroborate the plaintiff's evidence was given by two witnesses, one of whom testified that during the 90-day period

he would have been "interested" in buying the property and paying "as much as" $65,000.00 for it. The other witness testified that he would have loaned the plaintiff $59,000.00, which would have been sufficient to pay off the tax liens and the mortgage. Plaintiff claims that he did not make any definite effort to consummate either of these two propositions because of the defendant's agreement to extend the period of redemption.

The above, in brief, is all of the testimony upon which a finding of the oral agreement would have been warranted. To the contrary is the defendant's denial of any agreement, the payment of rental during the intervening period, plaintiff's request that defendant resell to him, the vagueness or lack of any limitation of the period of extension, defendant's refusal to reduce the extension agreement to writing, the failure of the plaintiff to assert any act of ownership over the property, and the defendant's payment of taxes and insurance. It is to be noted that even after the tax lien was released, plaintiff neither tendered nor offered to tender any money whatsoever until the complaint was filed. All of the above is inconsistent with the claimed agreement to extend the redemption period.

■ In our view, there was a lack of clear and convincing evidence necessary to establish the oral agreement. In order to find an extension of the contractual right of redemption, the trial court must find the existence of an agreement by more than a mere preponderance of the evidence. Kenmare Hard Coal, Brick & Tile Co. v. Riley, 1910, 120 N.D. 182, 126 N.W. 241; Potter v. Ft. Madison Loan & Trust Bldg. Ass'n, 1907, 133 Iowa 367, 110 N.W. 616; Palmer v. Palmer, 1916, 194 Mich. 79, 160 N.W. 404; Fleck v. State (N.D.1955), 71 N.W.2d 636.

■ The quantum of proof required in a case such as this is analogous to the cases involving the allegation of fraud. See Lumpkins v. McPhee, 1955, 59 N.M. 442, 286 P.2d 299; Visic v. Paddock, 1963, 72 N.M. 207, 382 P.2d 694. Compare Schauer v. Schauer, 1939, 43 N.M. 209, 89 P.2d 521.

■ While we do not lightly overturn the judgment of the trial court, we do not feel that the evidence here is of such a substantial nature as to be clear, strong and convincing.

■ We are impressed that the plaintiff, by his own actions, after defendant refused to allow redemption, recognized that the title to the property was in the defendant. In addition to the payment of five months' rent, and the other factors weighing in defendant's favor, plaintiff testified that he asked the defendant to resell the property to him. An offer to repurchase is inconsistent with a claim of redemption, see Fleck v. State, supra.

From what we have said, it will be necessary that the cause be reversed; but in addi-

**644**

tion to the matters already discussed, we note that the defendant's counterclaim will necessitate further action by the trial court. The defendant sought rental for the occupation of the property by the defendant since November of 1964, but in view of the trial court's judgment in favor of the plaintiffs, this issue was not reached at the trial.

The judgment will be reversed and the cause remanded to the trial court with direction to set aside its judgment and to enter a new judgment in conformity herewith, including rental upon the property for the period during which it has been occupied by the plaintiff. It is so ordered.

MOISE, J., and SPIESS, J., Court of Appeals, concur.