2003-NMCA-151

81 P.3d 608

**U.S. BANK NATIONAL ASSOCIATION, as Trustee, Plaintiff,**

v.

**Martin Alfredo MARTINEZ, et al., Defendants,**

**Ronnie G. Bustos, Petitioner–Appellant,**

v.

**Darrell Halderman and Joseph J. Garcia, Purchasers–Appellees.**

**No. 24,146.**

Court of Appeals of New Mexico.

Nov. 6, 2003.

Certiorari Denied, No. 28,393, Dec. 16, 2003.

Larry M. Reecer, Larry M. Reecer Attorney at Law, P.C., Edward Ricco, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, for Appellant.

Sylvain Segal, Albuquerque, for Appellees.

## OPINION

KENNEDY, Judge.

{1} Petitioner Ronnie G. Bustos filed a petition for a certificate of redemption with respect to certain property under NMSA 1978, § 42–6–1 (1987). The trial court dismissed the petition as not timely filed and Petitioner appeals. We proposed to reverse in a calendar notice, and we received in response a memorandum in opposition from Purchasers Daniel Halderman and Joseph J. Garcia, and a memorandum in support from Petitioner. We have considered Purchasers' arguments and we are not persuaded by them. We therefore reverse.

{2} Purchasers bought a tract of land at a foreclosure sale. The trial court entered an order approving the sale; the order was filed on March 5, 2003. The order stated that the sale was "subject only to the equity of redemption, said redemption period being one (1) month." Petitioner filed a petition for certificate of redemption on Monday, April 7, 2003. Purchasers responded to the petition by arguing that it was not timely filed, and should have been filed on or before April 4, 2003. The trial court agreed and denied the petition.

{3} The redemption period was reduced to one month under NMSA 1978, § 39–5–19 (1965), which allows a redemption period to be shortened "to not less than one month." The redemption statute does not provide guidance on how one month is to be calculated. Where there is no other meaning indicated in the applicable statute, the term "month" is construed to mean a "calendar month." *State v. Bishop*, 108 N.M. 105, 107, 766 P.2d 1339, 1341 (Ct.App.1988). There is nothing in the applicable statute in this case that suggests that a "month" is anything other than a "calendar month." Unlike *Bishop*, however, the question in this case is not whether "month" means a calendar month or thirty days. The question before us is as follows: Does a "calendar month" run from a *given date in one month, such as March 5, to that same given date in the next month*, or April 5, or does it run from a given date in one month, such as March 5, to the date before that same date in the next month, or April 4? The question is crucial in this case because if the latter rule applies, April 4 occurred on a Friday and the attempt to redeem, filed on Monday, April 7, came too late. On the other hand, if the former rule applies, April 5 was a Saturday, and the petition to redeem was timely filed. *See* Rule 1–006(A) NMRA 2003 (discussing computation of time and when it is necessary to exclude Saturdays, Sundays, and holidays in the computation).

{4} Unfortunately, the authorities are not uniform on this question. Some courts

hold that a "calendar month" runs from a given day in one month to the day with a corresponding number in the subsequent month. *See* 86 C.J.S. *Time* § 6 at 570–71 (1997). Other courts run a "month" from a given day in one month to the day *before* the corresponding day in the following month. *See* 74 Am.Jur.2d *Time* § 8 at 576 (2001) (stating that a calendar month runs "from the beginning of a certain numbered day up to, but not including, the corresponding numbered day of the next month," but also noting that, under the Uniform Statute and Rule Construction Act, one month "ends on the day of the concluding month which is numbered the same as the day of the month on which an event determinative of the computation occurred"). In New Mexico, no opinion has addressed this question, and our appellate courts have given contrary indications as to how a redemption period should be calculated. *See, e.g., Sun Country Sav. Bank v. McDowell,* 108 N.M. 528, 531, 775 P.2d 730, 733 (1989) (stating that one-month right of redemption expired on April 21, where order confirming foreclosure sale was filed March 22); *Reger v. Sanchez,* 77 N.M. 641, 642, 426 P.2d 786, 787 (1967) (stating that where property was sold at a foreclosure sale on October 22, 1962, the three-month redemption period expired on January 22, 1963).

**▪** {5} We believe the preferable rule is that a calendar month should run from the date of the court order triggering the right of redemption to the corresponding date of the subsequent month (or months, if the redemption period granted is more than one month). We reach this conclusion for three reasons. First, the legislature has strongly indicated a preference for this method of calculation, by enacting NMSA 1978, § 12–2A–7(C) (1997). This statute creates a general rule that, where a period of time is expressed in months in a statute, "the period ends on the day of the concluding month that is numbered the same as the day of the month on which an event determinative of the computation occurred." *Id.* Although this provision is not controlling in this case because the redemption statute predates Section 12–2A–7 (*see* NMSA 1978, § 12–2A–1(B)(1997)), we believe it to be good policy to follow the legislature's express intentions in the absence of controlling authority to the contrary.

{6} Second, the rule we adopt today conforms with the requirements of Rule 1–006(A). This provision states that when computing any period of time prescribed by a court order, the day of the order shall not be included. *Id.* In this case, for example, March 5 would not be counted in calculating the one-month redemption period, and one full calendar month would therefore include April 5. The same rule would apply to every redemption period expressed in months; the date of the court order triggering the redemption period would not be counted as part of that period, and the redemption period would expire on the date corresponding to the date of the order, in the subsequent month (or months, if more than one month was granted as a redemption period).

{7} Finally, the rule we adopt today is consistent with the common understanding of when a one-month period, beginning on a certain date, will expire. We believe most people would assume that if they were given one month from March 5 to accomplish a certain task, that month would expire on April 5, not April 4. This is a reasonable interpretation, and given that forfeitures are not favored in the law, our conclusion that this rule should be adopted is strengthened. *See Thomas v. City of Santa Fe,* 112 N.M. 456, 461, 816 P.2d 525, 530 (Ct.App.1991) (noting that conditions in deed or contract should be construed to avoid forfeiture).

**CONCLUSION**

{8} Based on the foregoing, we hold that the one-month redemption period in this case, established by the trial court's order of March 5, did not expire until April 5. Since April 5 was a Saturday, the petition for certificate of redemption filed by Petitioner on Monday, April 7, was timely. We therefore reverse and remand to the trial court with directions to consider the petition as timely.

{9} **IT IS SO ORDERED.**

BUSTAMANTE and ROBINSON, JJ., concur.