**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 10, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

In re: Daniel William Cook and Yolanda Teresa Cook,

Debtors.
_____

DANIEL WILLIAM COOK, individually and as Debtor in Possession,

Plaintiff-Appellant,

and

YOLANDA T. COOK, individually and as Debtor in Possession,

Plaintiff,

v.

EASTERN SAVINGS BANK, FSB,

Defendant-Appellee,

and

KRISTA TRICARICO, Special Master,

Defendant.

No. 12-2036
(D.C. No. 1:09-CV-00803-JCH-CG)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

_____

[*]       After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding

(continued)

Before **GORSUCH**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **HOLMES**, Circuit Judge.

Plaintiff Daniel William Cook appeals[1] from a district court order granting summary judgment for defendant Eastern Savings Bank (ESB) on Mr. Cook's fraud and related state-law claims relating to the foreclosure sale of his real property, which was purchased by ESB. This action began as an adversary proceeding in bankruptcy court, but after the trustee abandoned any interest in the subject matter the district court withdrew the reference to the bankruptcy court and resolved the action directly. On de novo review, *N. Tex. Prod. Credit Ass'n v. McCurtain Cnty. Nat'l Bank*, 222 F.3d 800, 806 (10th Cir. 2000), we affirm the grant of summary judgment in all but one limited respect.

All of Mr. Cook's claims are based on the same conduct: after transferring the subject property to Spica Properties, Inc., ESB continued to represent itself as the owner throughout the statutory redemption period, which it extended by agreement with Mr. Cook. Mr. Cook claims this misrepresentation denied him the opportunity to redeem from the true owner, causing him to lose all equity he had in the property,

_____

precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    Plaintiff Yolanda T. Cook died before the proceedings concluded below.

- 2 -

and unjustly enriched ESB by the amount of the payments he made for its agreement to extend the redemption period. Noting that redemption may be effected by paying the foreclosure-sale price to the purchaser or its assigns, or to the court registry, *see* N.M. Stat. § 39-5-18 (2005),[2] and that Mr. Cook did not offer payment to any of these entities during the redemption period, the district court held that his "loss of the equity in his former property was caused not by any misrepresentation regarding legal ownership, but by [his] failure to even attempt to tender the redemption price during the redemption period." R. at 229. We agree. ESB's misrepresentation as to ownership simply had nothing to do with Mr. Cook's loss of the property. He can hardly claim detrimental reliance or harm when he did not tender the redemption amount even to the party he was misled into believing owned the property.[3]

---

[2] We refer to the version of the statute in effect at the time of the events here. *See Chapel v. Nevitt*, 203 P.3d 889, 898 n.1 (N.M. Ct. App. 2009). The statute was amended, with some changes in language but not relevant substance, in 2007.

[3] Mr. Cook assumes ESB's transfer of the property to Spica Properties meant he could no longer redeem by paying ESB, i.e., where the redemption statute provides for payment to the purchaser or its assigns, the "or" must be read as an exclusive disjunction leaving the assignee the sole party to whom payment may be made after a transfer of the property. ESB assumes the contrary. Neither party cites any relevant authority. There is some support for Mr. Cook's view: in *First State Bank of Taos v. Wheatcroft*, 8 P.2d 1061 (N.M. 1931), the court held that "the redemptioner can redeem from the purchaser at the foreclosure sale . . . *so long as he is not divested of legal title*." *Id.* at 1063 (emphasis added). Whether the emphasized proviso applies to the particular transfer between ESB and Spica Properties is a question that has not been engaged by the parties. Our disposition of this appeal does not require us to resolve the point and we pursue it no further.

Mr. Cook also argues in passing that his ignorance about the true ownership of the property prevented him from negotiating a better price for the redemption from Spica. This argument rests on a misunderstanding of the "narrow right" of statutory redemption, which "affords a debtor . . . one last opportunity to reclaim his property" after a foreclosure sale, by "comply[ing] strictly with the terms set forth by statute as a condition to redemption." *Cortez v. Cortez*, 203 P.3d 857, 864 (N.M. 2009). One of those terms is payment of "the sum of money required by [the redemption] statute." *Chapel*, 203 P.3d at 892; *see* N.M. Stat. 39-5-18(A) (setting payment amount). In short, there can be no "negotiation" of a lower redemption payment. Mr. Cook could of course offer to purchase the property from Spica and negotiate as to the price, but that is a matter distinct from redemption, *see Reger v. Sanchez*, 426 P.2d 786, 788 (N.M. 1967) ("An offer to repurchase is inconsistent with a claim of redemption.").

We note that the district court's rationale for rejecting the lost-equity aspect of Mr. Cook's claims does not necessarily address his associated complaint that ESB's misrepresentation of ownership also induced him to pay ESB for its agreement to extend the redemption period. But Mr. Cook does not show detrimental reliance or other resultant harm in this respect either. As ESB notes in its brief on appeal, *see* Aplee. Br. at 21, Mr. Cook conceded by stipulation that he in fact "obtained [the promised] extensions of [his] right to redeem the property under New Mexico law through October 22, 2004," the agreed upon deadline. R. at 20. Mr. Cook objects

- 4 -

that ESB should have passed the payments on to Spica Industries (an ESB subsidiary), but if that is a matter for complaint at all, it is a matter to be pursued by Spica Industries, not Mr. Cook.  He also objects that the last one-month extension, from September 22 to October 22, was not memorialized in a court order or otherwise reduced to writing, but that is immaterial.  New Mexico courts (like those of many other states) countenance private extension agreements and do so even if they are not reduced to writing.  *See, e.g.*, *Reger*, 426 P.2d at 788; *see also* 54 A.L.R. 1207, Effect of oral agreement to enlarge time for redemption from sale under mortgage or other lien on real property, Section II (1928) (collecting cases).

In sum, the district court correctly ruled that Mr. Cook failed to show a triable issue of detrimental reliance or harm relating to ESB's alleged misrepresentation.  This is fatal to his common law tort claims.  But Mr. Cook insists it is not fatal to his claim for violation of the New Mexico Unfair Practices Act (UPA), *see* N.M. Stat. § 57-12-10(B), and relevant precedent supports his case.  The UPA provides for alternative forms of damages:  actual damages or statutory damages of $100 (trebled for willful violations), whichever is greater.  *Id.*  And New Mexico courts have held that a plaintiff who cannot show detrimental reliance or actual harm may nevertheless recover statutory damages.  *See Page & Wirtz Constr. Co. v. Solomon*, 794 P.2d 349, 354-55 (N.M. 1990); *Lohman v. Daimler-Chrysler Corp.*, 166 P.3d 1091, 1099-1100 (N.M. App. 2007); *Brooks v. Norwest Corp.*, 103 P.3d 39, 53 (N.M. App. 2004); *Jones v. Gen. Motors Corp.*, 953 P.2d 1104, 1109 (N.M. App. 1998).  While there

may be grounds on which ESB could seek to resist application of the UPA here, it has not done so on this appeal. We therefore reverse the grant of summary judgment as it relates to Mr. Cook's UPA claim and remand for further proceedings solely on that claim.

Finally, we note that Mr. Cook's briefing digresses onto a number of points that have not been adequately preserved and/or presented, or are simply not material to our disposition of the merits of this appeal. While we have reviewed all of his arguments, we have addressed here only those warranting explicit discussion.

The judgment of the district court is AFFIRMED in all respects except insofar as it relates to the claim for violation of the UPA. As to that claim, we REVERSE the grant of summary judgment and remand for further proceedings.

Entered for the Court


Wade Brorby
Senior Circuit Judge