This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**NATIONSTAR MORTGAGE LLC,**

   **Plaintiff,**

**v.**             **NO. A-1-CA-35696**

**DANIEL CHENOWETH , a/k/a**
**DANIEL L. CHENOWETH, TAMMY**
**CHENOWETH, AUTOMATED RECOVERY**
**SYSTEMS OF NEW MEXICO, INC., CAVALRY**
**SPV I LLC AAO HSBC BANK NEVADA N.A.,**
**ORCHARD BANK, and MORTGAGE**
**ELECTRONIC REGISTRATION SYSTEMS,**
**INC., AS NOMINEE FOR AMERICAN**
**MORTGAGE EXPRESS FINANCIAL d/b/a**
**MILLENNIUM FUNDING GROUP,**

   **Defendants,**

_____

**TAL REALTY, INC.,**

   **Petitioner-Appellant,**

**v.**

**CODY C. MOBLEY, LARRY K. MOBLEY,**
**and VEDA J. MOBLEY,**

   **Respondents-Appellees.**

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Sandra A. Price, District Judge**

Marrs Griebel Law Ltd.
Clinton W. Marrs
Albuquerque, NM

for Appellant

The Risley Law Firm P.C.
Gary Risley
Farmington, NM

Lorenz Law
Alice T. Lorenz
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**VANZI, Chief Judge.**

{1}     TAL Realty, Inc. (TAL Realty) appeals the district court's entry of judgment against it in this foreclosure redemption case. On appeal, TAL Realty argues that the assignees of the first priority right of redemption, who were also the foreclosure sale purchasers, did not timely exercise their redemption right because they did not record the assignment evidencing the redemption with the county clerk's office, contrary to NMSA 1978, Section 39-5-23 (2013), within the one-month redemption period. We affirm and also conclude, under the facts of this case, that TAL Realty was not

divested of its right to appeal when it withdrew the funds it deposited in the district court's registry, pursuant to NMSA 1978, Section 39-5-18(A)(2) (2007).

**BACKGROUND**

{2}     The following facts are not disputed. Nationstar Mortgage LLC filed a complaint for foreclosure against property owners, Daniel and Tammy Chenoweth (the Chenoweths) and various other junior lienholders, including Automated Recovery Systems of New Mexico, Inc. (ARSNM), which held a subordinate judgment lien against the subject real property located in San Juan County. On March 6, 2015, the district court entered a stipulated and default judgment for foreclosure and order of sale. The court ordered the property sold at a special master's sale and stated that, pursuant to NMSA 1978, Section 39-5-19 (1965) and paragraph twenty-four of the mortgage agreement, the redemption period after judicial sale was one month.

{3}     On April 15, 2015, Cody Mobley, acting as designee of his parents Larry and Veda Mobley (the Mobleys), successfully bid $235,998 at the special master's sale, and the property was conveyed to the Mobleys by a special master's deed subject to the one-month right of redemption. The order confirming sale was entered on May 7, 2015. The one-month redemption period was thus set to expire June 7, 2015. *See* § 39-5-18(A), (E) (providing that the running of the redemption period starts the date the district court enters the order confirming the special master's sale). Also on May 7, 2015, the Chenoweths assigned their first priority right of redemption to the Mobleys.

3

*See* § 39-5-18(A)(3) (stating that the former defendant homeowner has the first priority right of redemption). Cody Mobley filed the assignment with the district court that same day; however, he did not deliver it to the San Juan County Clerk's Office until over seven months later, on January 14, 2016, at which point he also recorded a formal notice of exercise of the redemption right.

{4}     On May 28, 2015, ARSNM assigned its junior lien on the subject property to TAL Realty. The assignment included any subordinate rights of redemption. *See id.* (stating that junior lienholders hold a right of redemption only if the former owner defendant does not exercise their first priority right of redemption). On Monday, June 8, 2015, the first business day following June 7, TAL Realty filed a petition for redemption in the district court pursuant to Section 39-5-18(A)(2). *See generally U.S. Bank Nat'l Ass'n v. Martinez,* 2003-NMCA-151, ¶¶ 3, 8, 134 N.M. 665, 81 P.3d 608 (holding that a petition for certificate of redemption was timely filed when the redemption period expired on a Saturday and the petition was filed on the first business day following that Saturday). TAL Realty also moved for authorization to deposit funds into the court registry in the amount the Mobleys paid at the special master's sale, plus statutory interest. The district court granted TAL Realty's petition and motion until the parties' rights could be determined by further order of the court, and TAL Realty deposited the funds. The Mobleys responded to TAL Realty's petition arguing that it should be denied because the Mobleys "purchased the property

4

at [the] foreclosure sale and purchased the primary [r]edemption [r]ights" and that they had "exercised these rights and provided notice."

{5} TAL Realty subsequently moved for summary judgment on the grounds that "there [was] no genuine dispute as to any fact material to the redemption petition and TAL Realty is entitled to judgment in its favor as a matter of law." Specifically, TAL Realty argued that it timely exercised its right of redemption, as an assignee of a junior lienholder, by petitioning the district court for redemption and depositing the redemption amount in the court registry. TAL Realty further argued that the Mobleys failed to exercise the right of redemption the Chenoweths assigned to them because the Mobleys never recorded the assignment in the San Juan County Clerk's Office, which was true as of the date TAL Realty moved for summary judgment.

{6} The Mobleys responded to TAL Realty's motion for summary judgment after they recorded the assignment and formal notice of their exercise of the redemption right with the San Juan County Clerk's Office. They argued that they exercised the right of redemption by filing the Chenoweths' assignment of their first priority right of redemption with the district court within the one-month redemption period. Moreover, "[a] court-certified version of the assignment ha[d] also been filed in the deed of records of San Juan County." The Mobleys maintained that they outbid TAL Realty for the Chenoweths' first priority right of redemption and that TAL Realty therefore had notice of the Mobleys' intention to redeem. Thus, the Mobleys argued

5

that summary judgment should be denied because they complied with the redemption process and TAL Realty had actual notice that they exercised the right of redemption, or in the alternative, that they substantially complied with the redemption process.

{7} After a hearing the district court denied TAL Realty's motion for summary judgment. The court found that there was no genuine dispute of material fact but that TAL Realty was not entitled to judgment as a matter of law. In particular, the court found that "the Mobleys' redemption of the property out of foreclosure was immediately consummated by operation of law" because they were assignees of the Chenoweths' first priority right of redemption. The district court also stated, pursuant to Section 39-5-18(A), that "[j]ust as the Chenoweth[s] . . . might have redeemed the property by making the appropriate payment, the Mobleys, who stood in their shoes by virtue of the assignment from the Chenoweths, had also redeemed the property having already made an appropriate payment for property." *See* § 39-5-18(A)(1) (providing that a former defendant owner may redeem by paying to the foreclosure purchaser the amount paid at the foreclosure sale within period for redemption). Lastly, the court concluded that Section 39-5-23(B) did not provide a time frame for which the Mobleys were supposed to record documentation that they exercised their redemption right with the San Juan County Clerk's Office. *See* § 39-5-23(B) (requiring the party redeeming to record an instrument evidencing the redemption in

6

the county clerk's office but not providing a time for when such recording must occur).

**{8}** The district court thereafter entered a judgment for the Mobleys and ordered that the funds deposited into the court registry by TAL Realty be returned to TAL Realty. This appeal followed.

## DISCUSSION

**TAL Realty Has a Right to Appeal**

**{9}** At the outset, we address whether TAL Realty has a right to appeal from the district court's denial of summary judgment and entry of judgment in favor of the Mobleys. Whether a party has a right to appeal is a question of law that we review de novo. *See State v. Armijo*, 2016-NMSC-021, ¶ 19, 375 P.3d 415 (observing that "[t]he right to appeal is . . . a matter of substantive law created by constitutional or statutory provision" and that the standard of review for such matters is de novo). According to the Mobleys, "TAL Realty's withdrawal of funds from the court registry divest[ed] it of standing" to appeal to this Court. The Mobleys maintain that standing is jurisdictional because "TAL Realty is asserting a claim created by statute that accords a right to judicial relief only to those that have, on deposit in the court registry, the required funds." *See* § 39-5-18(A)(2) (providing that a junior lienholder may redeem real estate by filing a redemption petition and depositing the foreclosure sale amount plus statutory interest and taxes with the district court clerk's office); *see also Phoenix*

7

*Funding, LLC v. Aurora Loan Servs., LLC*, 2017-NMSC-010, ¶ 19, 390 P.3d 174 ("[S]tanding is a jurisdictional prerequisite where an action is created by statute.").

{10} The cases primarily relied on by the Mobleys for support, however, pertain to whether a plaintiff has standing to bring a cause of action in the district court, not standing to appeal. *See, e.g.*, *Am. Civil Liberties Union of N.M. v. City of Albuquerque*, 2008-NMSC-045, ¶¶ 23-29, 144 N.M. 471, 188 P.3d 1222 (reviewing whether the plaintiffs had standing to sue); *see also Phoenix Funding, LLC*, 2017-NMSC-010, ¶¶ 18-22 (considering whether the district court had standing to enforce a promissory note). The parties do not argue that the district court did not have jurisdiction in the action below. Indeed, TAL Realty filed its redemption petition and deposited the appropriate funds in the court registry within the redemption period, pursuant to Section 39-5-18(A)(2). It was not until after the district court entered its final judgment, which included an order to return the funds to TAL Realty, that TAL Realty withdrew the funds. Although the Mobleys assert that TAL Realty voluntarily "chose to withdraw" the funds, the Mobleys do not direct us to anywhere in the record that supports their contention, and in any event, as we have just noted, the withdrawal occurred only after the district court's final judgment. *See Capco Acquisub, Inc. v. Greka Energy Corp.*, 2007-NMCA-011, ¶ 17, 140 N.M. 920, 149 P.3d 1017 (noting that our appellate jurisdiction extends to "any final judgment or decision, any interlocutory order or decision which practically disposes of the merits of the action,

8

or any final order after entry of judgment which affects substantial rights" (internal quotation marks and citation omitted)).

{11}     Article VI, Section 2 of the New Mexico Constitution provides aggrieved parties with an automatic right to one appeal. This Court is granted appellate jurisdiction by our Constitution "as may be provided by law." N.M. Const. art. VI, § 29. In other words, either the Constitution, or the Legislature by statute, may grant appellate jurisdiction. *See State v. Smallwood*, 2007-NMSC-005, ¶ 6, 141 N.M. 178, 152 P.3d 821 ("The phrase 'as may be provided by law' means that our Constitution or Legislature must vest [our courts] with appellate jurisdiction[.]").

{12}     In NMSA 1978, Section 39-3-2 (1966), the Legislature granted the Court of Appeals jurisdiction to review civil appeals from district court that affect substantial rights of an aggrieved party. To be aggrieved, a party must have a substantial interest adversely affected by a district court's final order. *St. Sauver v. N.M. Peterbilt, Inc.*, 1984-NMCA-024, ¶ 4, 101 N.M. 84, 678 P.2d 712. Because TAL Realty sustained a final judgment against it in the district court regarding a sought-after property right, TAL Realty is an aggrieved party that has a constitutional right to one appeal. *See Moody v. Stribling*, 1999-NMCA-094, ¶ 47, 127 N.M. 630, 985 P.2d 1210 ("To be aggrieved, a party must have a personal or pecuniary interest or property right adversely affected by the judgment. The party's interest must be immediate,

9

pecuniary, and substantial, not nominal or a remote consequence of judgment." (internal quotation marks and citation omitted)).

**{13}** For these same reasons, we reject the Mobleys' argument that TAL Realty's withdrawal of funds from the court registry constituted a waiver of its right to appeal. We therefore proceed in our appellate review.

**Section 39-5-23 Did Not Require the Mobleys to Record Within the Redemption Period**

**{14}** TAL Realty argues that the Mobleys were required to record an instrument evidencing their exercise of the first priority right of redemption with the San Juan County Clerk's Office within the one-month redemption period, although Section 39-5-23 is silent as to when such recording must occur. *See* § 39-5-23(B) (providing no time frame for when a redeeming party must record the instrument evidencing the redemption). Thus, according to TAL Realty, although the Mobleys owned the redemption right, they forfeited the right to redeem by failing to timely record the redemption right with the San Juan County Clerk's Office "at the conclusion of the [forty-five]-day period or within a reasonable time thereafter." For reasons we explain below, TAL Realty conflates the exercise of a redemption right with the duty to record. We further note that TAL Realty reads language into the relevant statutes that is simply not there.

{15} "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Phoenix Funding, LLC*, 2017-NMSC-010, ¶ 17 (internal quotation marks and citation omitted). "[I]f [a] denial of [a] motion for summary judgment is based solely on a purely legal issue, which cannot be submitted to the trier of fact, and resolution of which is not dependent on evidence submitted to [the] trier of fact, [the] issue should be reviewable on appeal from [the] final judgment[.]" *Chaara v. Lander*, 2002-NMCA-053, ¶ 22, 132 N.M. 175, 45 P.3d 895. "We review issues of law de novo." *Bank of N.Y. Mellon v. Lopes*, 2014-NMCA-097, ¶ 6, 336 P.3d 443. Because the parties do not dispute the material facts, we instead turn to the redemption statutes. Because statutory interpretation is a matter of law, our standard of review is de novo. *Chapel v. Nevitt*, 2009-NMCA-017, ¶ 25, 145 N.M. 674, 203 P.3d 889. "The right to redeem foreclosed property is a statutory right that our courts construe narrowly." *Id.* (internal quotation marks and citation omitted). Further, we apply the statute as written by the Legislature when its plain meaning is clear. *Id.*

{16} New Mexico provides for a statutory right of redemption of foreclosed property by the former defendant owner or by any junior lienholder or mortgagee by two methods:

> A. After sale of real estate pursuant to the order, judgment or decree of foreclosure in the district court, the real estate may be redeemed by the former defendant owner of the real estate or by any

junior mortgagee or other junior lienholder whose rights were judicially determined in the foreclosure proceeding:

(1)     by paying to the purchaser, at any time within [the redemption period], the amount paid at the sale, with interest from the date of sale at the rate of ten percent a year, together with all taxes, interest and penalties thereon, and all payments made to satisfy in whole or in part any prior lien or mortgage not foreclosed, paid by the purchaser after the date of sale, with interest on the taxes, interest, penalties and payments made on liens or mortgages at the rate of ten percent a year from the date of payment; or

(2)     by filing a petition for redemption in the pending foreclosure case in the district court in which the order, judgment or decree of foreclosure was entered and by making a deposit of the amount set forth in Paragraph (1) of this subsection in cash in the office of the clerk of that district court, at any time within [the redemption period]. Copies of the petition for redemption shall be served upon the purchaser of the real estate at the judicial foreclosure sale and upon all parties who appeared in the judicial foreclosure case[.]

Section 39-5-18(A)(1), (2).

{17}     Succinctly stated, the right of redemption may be exercised by either: (1) paying to the foreclosure sale purchaser the purchase price of the real property, plus statutory interest and taxes; or (2) by filing a petition for redemption in the district court and depositing the foreclosure purchase price plus statutory interest and taxes in the court registry. Section 39-5-18(A). By whichever means property is redeemed, the right of redemption must be exercised timely within the redemption period, which in this case expired one month from the district court's May 7, 2015 order confirming sale. *See* § 39-5-18(A) (requiring redemption to occur within the redemption period);

12

§ 39-5-19 (stating that the parties may contract to "shorten the redemption period to not less than one month"). The statute does not require any further action for a party to redeem. It does not make recording with the county clerk a prerequisite to redemption nor does it state that failure to record within the redemption period is fatal to the exercise of a redemption right. We note as well that the former defendant owner has the first priority right of redemption. Section 39-5-18(A)(3); *see Mortg. Elec. Registration Sys., Inc. v. Montoya*, 2008-NMCA-081, ¶¶ 6, 13, 144 N.M. 264, 186 P.3d 256 (noting that the first-in-time rule was superceded by Section 39-5-18(A)(3) and that redemption priority is established by statute).

{18}     Although recording is not necessary to exercise a redemption right, Section 39-5-23(B) provides that the redeemer has a duty "to record the instrument evidencing the redemption in the office of the county clerk in the same manner as other instruments of writing affecting title to real estate." Unlike Section 39-5-18(A), which unambiguously states that the exercise of a redemption right must occur within the redemption period, Section 39-5-23 does not provide a specific time frame for recording. Nor does TAL Realty direct us to any legal authority that supports its proposition that a redeemer's failure to record with the county clerk's office within the redemption period divests the redeemer from title to the real property when the redeemer has otherwise exercised the right of redemption by complying with Section 39-5-18. In addition, we note that the question of whether the Mobleys complied with

Section 39-5-18 is not before us, and thus, we do not reach that issue. *See State ex rel. Human Servs. Dep't v. Staples* (*In re Doe*), 1982-NMSC-099, ¶¶ 3, 5, 98 N.M. 540, 650 P.2d 824 (noting that an appellate court should not reach issues that the parties have failed to raise in their briefs).

{19} To the extent TAL Realty argues that the Mobleys' neglect in recording an instrument evidencing the redemption within forty-five days deprived them of their right of redemption, we disagree. TAL Realty relies on the language of Section 39-5-23(A)(1), which states that, "if the redemption is by payment to the purchaser, it is the duty of the purchaser within forty-five days of receiving payment to create an acknowledged instrument in writing evidencing the redemption[.]" However, the statutory language of Section 39-5-23(A)(1) does not mandate that the redeemer record within forty-five days; but only that "an acknowledged instrument in writing evidencing the redemption" is created within that time.

{20} In our view, therefore, the plain language of Section 39-5-23 does not support TAL Realty's contrary interpretation. We additionally point out that the Mobleys substantially complied with Section 39-5-23. *See Brown v. Trujillo*, 2004-NMCA-040, ¶¶ 17, 19, 135 N.M. 365, 88 P.3d 881 (considering Section 39-5-18 and whether a debtor substantially complied with the statute by "look[ing] to whether [the d]ebtor's actions fulfill[ed] the spirit of the redemption law"). An acknowledged written instrument that evidenced the Chenoweths' assignment of their first priority right of

14

redemption to the Mobleys was created on May 7, 2015, the same day the district court entered its order confirming the sale to the Mobleys and within the forty-five day period. Further, the instrument was filed in the district court that same afternoon, indicating that the Mobleys intended to exercise their redemption right. *Cf. W. Bank of Las Cruces v. Malooly*, 1995-NMCA-044, ¶ 18, 119 N.M. 743, 895 P.2d 265 (considering whether a junior lien holder that purchased the foreclosed property but did not demonstrate that she performed any action indicating an intent to redeem was required to comply with the redemption statue, and holding that her right of redemption was not enhanced by her status as foreclosure sale purchaser). Additionally and importantly, the Mobleys did ultimately record the assignment with the San Juan County Clerk as well as a "formal notice of exercise of [their] redemption right" on January 14, 2016. While we recognize that the Mobleys recorded over seven months after the expiration of the redemption period and only after TAL Realty moved for summary judgment, we again note that Section 39-5-23(B) does not mandate a specific time in which the Mobleys were required to record by. We will not supply terms to the statute that the Legislature omitted. *High Ridge Hinkle Joint Venture v. City of Albuquerque*, 1998-NMSC-050, ¶ 5, 126 N.M. 413, 970 P.2d 599 (noting that appellate courts should "not read into a statute or ordinance language which is not there" (internal quotation marks and citation omitted)).

**{21}** Finally, we observe that in considering the purpose of the recording statute, the Mobleys' actions—purchasing the property at foreclosure sale, filing the Chenoweths' assignment of their first priority right of redemption with the district court, and subsequently recording the assignment and formal notice of the redemption with the San Juan County Clerk's Office—fulfilled the spirit of Section 39-5-23, which is "to provide notice to potential redemptioners that a redemption has occurred." *Malooly*, 1995-NMCA-044, ¶ 24; *cf. id.* ¶¶ 1, 23-24 (noting that, in a case where a junior lienholder attempted to redeem property from another junior lienholder who had purchased the foreclosed property, the latter lienholder took no action to indicate that she intended to redeem the property within the redemption period and did not record her notice of redemption in the county clerk's office). Because the Mobleys filed the assignment in the district court foreclosure case, TAL Realty cannot persuasively argue, and indeed does not argue, that it did not have notice of the Mobleys' intention to redeem.

**{22}** In sum, we conclude, as a matter of law, that the Mobleys were not required to record an instrument evidencing their redemption with the county clerk's office within the one-month redemption time period.

**CONCLUSION**

**{23}** We affirm.

**{24}** **IT IS SO ORDERED.**

16

_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____

**J. MILES HANISEE, Judge**

_____

**DANIEL J. GALLEGOS, Judge**