650 P.2d 824

**In the Matter of John DOE, A Child.**

**STATE of New Mexico, ex rel. HUMAN SERVICES DEPARTMENT, Petitioner,**

v.

**Julie STAPLES, Respondent.**

**No. 14196.**

Supreme Court of New Mexico.

Sept. 7, 1982.

Jeff Bingaman, Atty. Gen., James W. Catron, Asst. Atty. Gen., Human Services Dept., Santa Fe, for petitioner.

Elaine Hebard, Alamagordo, guardian ad litem for John Doe.

Jefferson R. Rhodes, Alamagordo, for appellees Scott.

Jack Whorton, Alamagordo, for respondent.

OPINION

PAYNE, Justice.

The State brought an action against Staples to terminate her parental rights with reference to her minor son, pursuant Section 40–7–4, N.M.S.A.1978 (Cum.Supp.1981). The trial court terminated Staples' rights, and she appealed. The basis for her appeal was that the statute upon which the State relies is unconstitutional.

The Court of Appeals opinion ignores the arguments presented in the briefs. The court issued its opinion not on the constitutionality of the statute but on the supposed failure of the State to comply with the statute. The relevant statute, Section 40–7–4(B)(4), N.M.S.A.1978, states:

> B. The court shall terminate parental rights with respect to a minor child when:
>
> \*    \*    \*    \*    \*    \*
>
> (4) the child has been placed in foster care by a court order *or has been otherwise placed by parents or others into the physical custody of such family* and the following conditions exist:
>
> (a) the child has lived in the foster home for an extended period of time;
>
> (b) the parent/child relationship has disintegrated;
>
> (c) a psychological parent/child relationship has developed between the foster family and the child;
>
> (d) if the court deems the child of sufficient capacity to express a preference, the child prefers no longer to live with the natural parent; and
>
> (e) the foster family desires to adopt the child.
>
> [Emphasis added.]

The conditions required by the statute were all found to exist by the trial court. The Court of Appeals held that the trial court's termination order was improper because the child was not placed in foster care by court order. This is a more restrictive holding than is provided by the statute. No explanation is given for failing to consider the deleted portion of the statute, which recognizes that placement may be made without a court order. We do not know whether the court merely overlooked the additional language of the statute and was thus led into error or whether the additional words were deleted in an effort to see a result in the case more acceptable to the reviewing court. Under either circumstance, the Court of Appeals erred in reversing on that ground.

We recently declared that "[c]ourts risk overlooking important facts or legal considerations when they take it upon themselves to raise, argue, and decide legal questions overlooked by the lawyers who tailor the case to fit within their legal theories." *New Mexico Department of Human Services v. Tapia,* 97 N.M. 632, 642 P.2d 1091 (1982). The present case illustrates how far a court may deviate when it ignores the arguments presented and searches for an alternative ground for decision.

We reverse the Court of Appeals.

We have not been asked to consider the constitutional arguments raised by the appellants. Because affirmance of the trial court's decision at this stage would leave Staples' claims unheard, we remand the case to the Court of Appeals for consideration of the arguments raised by counsel for the parties. To avoid further unnecessary delay which could adversely affect the sensitive relationships involved here, the matter should be expedited.

IT IS SO ORDERED.

EASLEY, C. J., SOSA, Senior Justice, and FEDERICI and RIORDAN, JJ., concur.