671 P.2d 662

**Jorge ZUNIGA and his wife, Julia, Plaintiffs-Appellants,**

v.

**SEARS, ROEBUCK AND COMPANY and George Garcia, Individually and as an agent of Sears, Roebuck and Company; G.B. Manning, Individually and as an agent for Sears, Roebuck and Company; Leonard Griffin, Individually and as an agent for Sears, Roebuck and Company, Defendants-Appellees.**

**No. 6004.**

Court of Appeals of New Mexico.

Sept. 13, 1983.

Certiorari Denied Oct. 20, 1983.

---

**416**

Peter Everett, IV, Albuquerque, for plaintiffs-appellants.

Duane C. Gilkey, James L. Rasmussen, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for defendants-appellees-Sears, Roebuck and Co. and G.B. Manning.

## OPINION

BIVINS, Judge.

Plaintiff brought this action against Sears Roebuck and Company and several of its employees to recover compensatory and punitive damages based upon alleged wrongful discharge and slander. Two of the three employees sued were never served with process. The trial court granted summary judgment for the defendants who were served, and plaintiff appeals claiming the existence of genuine issues of material fact.

The events which gave rise to plaintiff's discharge occurred on May 26, 1979, approximately two months after he began working for Sears. A security-maintenance employee reported to the store manager that plaintiff had attempted to steal a color television set. A few days later the store manager called plaintiff to his office and, in the presence of plaintiff's supervisor, discharged him. The reason given was that plaintiff had tried to take a TV set. Plaintiff denied the charge, and at his request a second meeting was held with plaintiff, his wife, Sears' personnel manager, the store manager and the security employee in attendance. The security-maintenance employee accused plaintiff of trying to take the TV, and plaintiff again proclaimed his innocence. The manager accepted the account given by the security-maintenance employee. Plaintiff was discharged.

After his termination, plaintiff sought unemployment benefits. Sears responded to plaintiff's request by stating that it had fired him for misconduct in attempting to steal a television set. After a hearing, the Employment Security Division hearing officer ruled for plaintiff, overturning a preliminary determination of no benefits because of misconduct disqualification. Sears appealed, but the Board of Review upheld the award. On petition for certiorari, the district court adopted the ESD's findings and conclusions. This suit against defendants followed.

## I. Wrongful discharge.

In *Bottijliso v. Hutchison Fruit Co.,* 96 N.M. 789, 791, 635 P.2d 992 (Ct.App. 1981), we said, "Our courts have long adhered to the rule that an employee is terminable by an employer 'at will,' either without cause or for a specific reason, in the absence of a contract of employment for a definite term, or in the absence of a showing that the discharge is predicated upon a fraudulent basis." (Citations omitted.) It is undisputed that plaintiff had no contract for a definite term; therefore, unless an exception applies, he could quit at any time or be terminated at any time without cause or for any cause.

Recently we recognized for the first time a cause of action in tort for retaliatory discharge. *Vigil v. Arzola,* 22 SBB 868 (Ct. App.1983), *certiorari granted* July 22, 1983. Because the parties in this case filed their briefs before *Vigil,* they had no way of knowing of that decision. While in other instances a remand might be necessary for consideration in light of a newly created cause of action, we do not believe that necessary here. *Vigil* does not help plaintiff. Under that case, in order for a discharged employee to recover, "he must demonstrate that he was discharged because he performed an act that public policy has authorized or would encourage, or because he refused to do something required of him by his employer that public policy would condemn." *Id.* at 874. Plaintiff cannot meet either of these requirements. Sears terminated him because its employees believed, although apparently in error, that

he had tried to take an item of merchandise belonging to the store. While the results are regrettable, the discharge does not violate public policy.

Apparently relying on language in the *Bottijliso* quote above, plaintiff argues that his discharge was predicated on a fraudulent basis. In *Odell v. Humble Oil & Refining Co.,* 201 F.2d 123, 128 (10th Cir.1953), the court said the only exception to the terminable-at-will rule applies when discharge is "tinctured with fraud." The Tenth Circuit necessarily had to make an "Erie" guess as to how New Mexico appellate courts would rule on this issue. Since the pleadings and proof would not warrant a finding of fraud here, we need not discuss at this time whether an exception based on fraud exists.

The trial court properly dismissed the cause of action based on wrongful discharge. We have reviewed plaintiff's remaining arguments under this point and find them without merit.

## II. Slander.

In light of our disposition of this point, we begin our discussion by assuming that the statement made by Sears' employee that plaintiff attempted to take a TV is untrue. We also observe that the statement constitutes slander *per se. See Marchiondo v. New Mexico State Tribune Co.,* 98 N.M. 282, 648 P.2d 321 (Ct.App.1981). Further, the publication of the statement occurred on three occasions: when plaintiff met with the store manager and plaintiff's supervisor on May 31, 1979; the following day at a meeting attended by plaintiff, his wife, the store manager, the personnel manager, and the employee who accused plaintiff of the attempted theft, held at plaintiff's request; and at the Employment Security Division hearings.

Plaintiff alleges that a close friend of his would have nothing more to do with him after the firing, but there is nothing indicating Sears published the statement to his friend.

The existence of a privilege, if present, bars plaintiff's claim for slander. There are two categories of privilege, absolute and qualified or conditional. We consider whether as a matter of law either exists here. *See Mahona-Jojanto, Inc., N.S.L. v. Bank of New Mexico,* 79 N.M. 293, 442 P.2d 783 (1968); *Gengler v. Phelps,* 92 N.M. 465, 589 P.2d 1056 (Ct.App.1978).

### A. Absolute privilege.

There is an absolute immunity from liability for defamatory statements made in court proceedings or at administrative hearings. *See Neece v. Kantu,* 84 N.M. 700, 507 P.2d 447 (Ct.App.1973). Thus, the statements made by Sears' personnel at the unemployment security hearing were privileged, and the defendants are immune from liability.

We turn now to the meetings of May 31, 1979 and June 1, 1979.

### B. Qualified privilege.

New Mexico recognizes a qualified or conditional privilege as a defense to slander where there is a good faith publication in the discharge of a public or private duty. *Mahona-Jojanto, Inc., N.S.L. v. Bank of New Mexico. See also* NMSA 1978, UJI Civ. 10.23 (Repl.Pamp.1980).

As applied to an employer-employee relationship the rule makes it clear that an employer is qualifiedly or conditionally privileged to make statements about an employee if for a proper purpose and to one having a legitimate interest in the subject matter of the statements. *Gengler v. Phelps.* The statements made here concern the taking of property belonging to Sears. Sears' security personnel had a duty to protect the store's property. The employee who initially reported the incident made the statements as part of his performance of that duty. He again made the statement to plaintiff in the presence of the personnel manager and the store manager. All present had a legitimate interest in the subject matter of the statement. *See* Annot., 98 A.L.R. 1301 (1935). Thus, the qualified or conditional privilege bars recovery by plaintiff unless Sears or one of its employees abused the privilege.

■ An abuse of the privilege occurs if the publisher lacks belief or reasonable grounds for belief in the truth of the alleged defamatory statement. *Bookout v. Griffin,* 97 N.M. 336, 639 P.2d 1190 (1982).

The record before us fails to show any lack of belief or lack of reasonable grounds for belief by Sears' store manager, its personnel manager or plaintiff's supervisor that plaintiff tried to take a television set. Whether in fact defendants erred in their belief is immaterial. Plaintiff has raised no factual issue that Sears or any of its managerial employees abused the privilege. Although plaintiff in his affidavit disputes what the security-maintenance employee reported, thus raising an issue as to whether that employee had a reasonable belief that plaintiff had attempted to take a TV set, this does not raise a fact issue with respect to Sears' managerial employees. Nothing in the record shows that Sears' management lacked grounds for believing the security-maintenance employee. Since the reporting employee did not receive service, there is no issue before us as to his lack of belief.

The facts show that on May 26, 1979, plaintiff had obtained permission from the Parts Department manager to take some empty boxes to use in moving to a new residence. During the afternoon break, plaintiff took some of these boxes to a point inside the warehouse near the customer loading dock. He then drove his car to that loading dock and loaded the boxes. The security-maintenance employee reported that he observed plaintiff walking on the warehouse platform carrying a color television box toward a car parked at the loading dock. The passenger door of the car was open and the passenger seat moved forward. The employee reported that when plaintiff saw him, plaintiff immediately turned around and went back into the warehouse. Shortly thereafter, the security employee said he found a boxed color television set in the middle of boxes containing replacement tubes in an area where television sets were not stored. This information was reported by the security employee to the store manager. The manager asked the warehouse manager to watch plaintiff for the remainder of the shift. Nothing untoward occurred during the remainder of the day.

Plaintiff was off the following day, Sunday, and Monday (a holiday), worked Tuesday, and was off Wednesday. On Thursday, May 31, 1979, the manager asked plaintiff to come to his office, at which time he was informed of his discharge based on the information provided by the security employee.

■ We hold that no genuine issue of fact exists as to a lack of belief or lack of a reasonable ground for belief on the part of Sears' managerial employees that plaintiff had tried to take the merchandise. The reporting employee was a long-term employee and part of his duties included ensuring security of Sears' property. It was not unreasonable for the manager to believe what he reported was true, even if it was not. *See Combes v. Montgomery Ward & Co.,* 119 Utah 407, 228 P.2d 272 (1951).

■ With regard to the meeting of June 1, 1979, we note that plaintiff requested this meeting knowing that the statement would be repeated. He cannot be heard to complain of any damages resulting therefrom.

The standard of review of summary judgment need not be repeated. *See Mahona-Jojanto; Marchiondo v. New Mexico State Tribune Co.* Plaintiff failed to overcome the *prima facie* showing made by defendants. *Goodman v. Brock,* 83 N.M. 789, 498 P.2d 676 (1972).

Summary judgment in favor of defendants is affirmed. Costs on appeal are assessed against plaintiff.

IT IS SO ORDERED.

WOOD and HENDLEY, JJ., concur.