# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**NELSON RAINS, as Personal**
**Representative of the Estate of**
**John Rains (Deceased),**

     Plaintiff-Appellant,

v.                              **No. 35,678**

**THE CITY OF GRANTS ex rel.**
**GRANTS POLICE DEPARTMENT;**
**CHIEF CRAIG VANDIVER, in his**
**individual and official capacity;**
**SERGEANT MOSES MARQUEZ,**
**in his individual and official capacity;**
**OFFICER AMANDA GARCIA, in her**
**individual and official capacity; and**
**CHIEF STEVE SENA, in his individual**
**and official capacity as former chief of**
**the Grants Police Department;**

     Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF CIBOLA COUNTY**
**James Lawrence Sanchez, District Judge**

Grover Law, LLC
Thomas R. Grover
Albuquerque, NM

for Appellant

Mason & Isaacson, P.A.
Thomas Lynn Isaacson
Gallup, NM

for Appellees

**VANZI, Chief Judge.**

{1}    Plaintiff appeals from the district court's order granting Defendants' Rule 1-012(B)(6) NMRA motion to dismiss. This Court issued a notice proposing summary affirmance. Plaintiff filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Remaining unpersuaded, we affirm.

{2}    Plaintiff raised two issues in his docketing statement, both with respect to his claim of interference with the right of access to the courts under the New Mexico Constitution. [CN 4] Essentially, Plaintiff contends: (1) Defendants interfered with Plaintiff's right of access to the courts; and (2) Plaintiff can recover damages caused by Defendants' interference, as immunity is waived under the Tort Claims Act, NMSA 1978, §§ 41-4-1 to -30 (1976, as amended through 2015), for constitutional violations by police officers. [CN 4]

{3}    In their motion to dismiss, Defendants contended that Plaintiff's constitutional claim failed insofar as it was based upon violations of the deceased John Rains' constitutional rights. [RP 38, 45] In his response to the motion to dismiss, Plaintiff made it clear he was not seeking to vindicate the rights of John Rains, but rather, that he was bringing suit as the personal representative of the estate of John Rains. [*See* RP 72, FN 3 ("Plaintiff is not [d]ecedent John Rains but rather, Nelson Rains as the

personal representative of the estate of John Rains which is recognized as a 'person' under the law.")]

{4} In our calendar notice, we confronted this distinction, as the merits of Plaintiff's claim is dependent upon whose rights are being vindicated. [CN 5] *See, e.g.*, *Smith v. City of Artesia*, 1989-NMCA-015, ¶ 3, 108 N.M. 339, 772 P.2d 373 ("The civil rights of a person cannot be violated once that person has died." (alteration, internal quotation marks, and citation omitted)). We first proposed to agree with Defendants that, to the extent that Plaintiff was bringing the claim for violations of John Rains' constitutional rights—violations occurring subsequent to his death—the claim failed. [CN 5] *See id.* Next, in recognition that Plaintiff asserted that he brought suit in a representative capacity—as personal representative of John Rains' estate—we noted in our calendar notice that we were not aware of any authority providing an estate with separately vindicable constitutional rights for actions taking place after a decedent's death. [CN 6] However, we did not foreclose the possibility that such a right existed. Rather, we invited Plaintiff, in any memorandum in opposition he wished to file, to provide us with authority to support the existence of a vindicable constitutional right belonging to John Rains' estate. [CN 6-7] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{5}     In his memorandum in opposition, Plaintiff notably does not provide us with authority indicating that an estate has vindicable constitutional rights for actions taking place after a decedent's death. Therefore, we are not convinced that such a right exists. *See id.*; *see also Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). Thus, to the extent that Plaintiff brought this suit in a representative capacity on behalf of the estate, the constitutional claim fails.

{6}     Plaintiff, instead of making the case for the existence of an estate's constitutional rights, argues in his memorandum in opposition that he brought this action against Defendants in his individual capacity. [MIO 3-4] However, the caption of the case—contained on all pleadings filed by Plaintiff in the district court and on appeal [*see* RP 1, 16, 51, 54, 57, 60, 63, 67, 109; DS 1; MIO 1]—delineates only that Plaintiff is suing in a representative capacity, and his statement to the district court in his response to the motion to dismiss makes it clear that he is bringing this action as the personal representative of the estate. Furthermore, in his memorandum in opposition, Plaintiff's assertions that he is bringing this action in his individual capacity are belied by his own statements attempting to link his claims to the creation of the estate. Specifically, Plaintiff states that his claims "are brought forward, and pled, by injuries caused [by] Defendants' wrongful actions upon . . . Plaintiff at the criminal trial well after the Estate of John Rains had been created with Plaintiff acting

4

as its [p]ersonal [r]erpresentative." [MIO 2] Plaintiff also states that it was Defendants' conduct during the trial of John Rains' alleged killer "that caused harm upon Plaintiff which led to this matter and not any conduct during the processing of the crime scene or events which predated [existence] of the Estate of John Rains." [MIO 2-3] Consequently, we are not persuaded that Plaintiff brought this action in any capacity other than as personal representative of John Rains' estate. As noted above, we are thus not convinced that the district court erred in dismissing the constitutional right of access to the courts claim.

{7}     Finally, we observed in our calendar notice that Plaintiff's docketing statement was silent with respect to the three tort claims that were dismissed by the district court along with his right of access to the courts claim, other than referring to these claims while setting out the nature of the proceedings below. [CN 4; *see also* DS 1-2] Stating that an appellate court should not reach issues that the parties have failed to raise in their briefs, we declined at that time to consider the propriety of the district court's dismissal of the three tort claims. [CN 4-5] *See State ex rel. Human Servs. Dep't v. Staples*, 1982-NMSC-099, ¶¶ 3, 5, 98 N.M. 540, 650 P.2d 824 (stating that "courts risk overlooking important facts or legal considerations when they take it upon themselves to raise, argue, and decide legal questions overlooked by the lawyers who tailor the case to fit within their legal theories" and declining to consider a constitutional argument because it was not raised by the appellants (alteration, internal

5

quotation marks, and citation omitted)). In his memorandum in opposition, Plaintiff once again provides scant detail with respect to the three tort claims, asserting only that the district court determined that the claims failed if the constitutional claim was dismissed. [MIO 3] Without more, and given our determination that the district court did not err in dismissing the constitutional claim, we are not convinced that Plaintiff has met his burden of demonstrating error with respect to the dismissal of the three tort claims. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the appellate court presumes that the district court is correct and the burden is on the appellant to clearly demonstrate that the district court erred).

**{8}** Accordingly, for the reasons stated in this opinion, as well as those provided in our notice of proposed disposition, we affirm.

**{9}** **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**STEPHEN G. FRENCH, Judge**