The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: January 4, 2023

**No. A-1-CA-39175**

**STATE OF NEW MEXICO,**

        Plaintiff-Appellee,

v.

**JACOB SCOTT,**

        Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**James Waylon Counts, District Court Judge**

Raúl Torrez, Attorney General
Benjamin Lammons, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Charles D. Agoos, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**HANISEE, Chief Judge.**

{1}     Defendant Jacob Scott appeals his convictions, following a jury trial, for two counts of trafficking controlled substances, contrary to NMSA 1978, Section 30-31-20(B) (2006). Defendant argues the following: (1) law enforcement officers' testimony regarding information provided by a confidential informant (CI) violated the Confrontation Clause; (2) the admission of such testimony alternatively constituted inadmissible hearsay amounting to prejudicial constitutional error; (3) the district court erred in denying Defendant's motion to exclude as a discovery sanction evidence related to law enforcement's coordination with the confidential informant; and (4) the State violated Defendant's right to reasonable notice by changing its theory of the case on the morning trial was set to begin. For the reasons that follow, we affirm.

**DISCUSSION**

{2}     The Lincoln County Sheriff's Office executed an arrest warrant during a traffic stop for charges pending against Defendant in a matter unrelated to this appeal. During that arrest, law enforcement found approximately twenty grams of heroin and seven grams of methamphetamine in Defendant's underwear. Defendant subsequently was indicted by a grand jury on multiple charges, including the two

counts of trafficking a controlled substance on which he was convicted.[1] At trial, Officers Brack Rains and Pat Montes testified to the circumstances that led to Defendant's arrest, including information regarding law enforcement's coordination with a CI.

{3}     Defendant first argues that such testimony violated the Confrontation Clause because it conveyed to the jury out-of-court statements intended to prove the truth of the matter asserted—that is, that Defendant had an intent to distribute the drugs found on his possession. "[W]hether out-of-court statements are admissible under the Confrontation Clause is a question of law, subject to de novo review." *State v. Largo*, 2012-NMSC-015, ¶ 9, 278 P.3d 532. The Confrontation Clause ensures that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI; N.M. Const. art. II, § 14. Under the Confrontation Clause, "an out-of-court statement that is both testimonial and offered to prove the truth of the matter asserted may not be admitted unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant." *State v. Navarette*, 2013-NMSC-003, ¶ 7, 294 P.3d 435.

---

[1]Defendant was initially charged as well with one count of racketeering, contrary to NMSA 1978, Section 30-42-4(C) (2015); one count of extortion, contrary to NMSA 1978, Section 30-16-9 (1963); and two counts of receiving or transferring a stolen motor vehicle, contrary to NMSA 1978, Section 30-16D-4(A) (2009). The State subsequently filed a nolle prosequi as to these charges.

{4} Here, Defendant asserts that the following testimony of Officer Rains included testimonial statements by the CI used to establish the truth of the matter asserted:

State: So how did you know [Defendant] was going to be in the area?

Officer Rains: . . . [W]e arranged through a [CI] to make a purchase.

. . . .

State: On January 24th, you were working with a [CI] and what did you instruct the informant to do?

Officer Rains: Order narcotics from [Defendant]. Arrange for a meeting.

State: Did [the CI] give you a general vicinity of where that meeting should occur?

Officer Rains: He did.

{5} Defendant further contends that the following testimony of Officer Montes, who found the narcotics during the execution of the warrant for Defendant's arrest, included impermissible testimonial statements used to prove the truth of the matter asserted:

I took [Defendant] out of his vehicle, took him down, advised him of his warrant, was advised to pat him down for narcotics because he was known to have narcotics on him.

{6} We first consider whether these statements are testimonial. *See Navarette*, 2013-NMSC-003, ¶ 7. Testimonial statements may include "formalized testimonial

3

materials, such as affidavits, depositions, prior testimony, or confessions," as well as "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *State v. Gurule*, 2013-NMSC-025, ¶ 35, 303 P.3d 838 (internal quotation marks and citation omitted). Our Supreme Court has explained that "a statement can only be testimonial if the declarant made the statement primarily intending to establish some fact with the understanding that the statement may be used in a criminal prosecution." *Navarette*, 2013-NMSC-003, ¶ 8.

{7} Here, even if we were to assume without deciding that a "reasonable person" in the CI's position—that being the position of someone working with law enforcement officers to set up a controlled buy for the sale of narcotics—"would objectively believe that [his or her] statement . . . would be used in a later criminal prosecution," *Gurule*, 2013-NMSC-025, ¶ 38, we cannot conclude that the challenged testimony at issue included testimonial statements made by the CI. Indeed, there is no actual *statement* to analyze for its testimonial nature here, given that the testimony in question wholly lacks any words allegedly uttered *by* the CI. In order to demonstrate a Confrontation Clause violation, the State must elicit testimony conveying a specific statement made by an out-of-court declarant who is unavailable for cross-examination. *Navarette*, 2013-NMSC-003, ¶ 7. Defendant has

4

failed to identify the occurrence of such testimony, and our own thorough review of the record likewise reveals none.

{8}     Stated differently, the testimony Defendant contends triggered his right to confront by cross-examination the CI altogether lacks words spoken by the CI. To the extent any of the officers' testimonies can even be construed as attributable to the CI, that aspect of it does not assert who was the seller or who the buyer was at any completed or planned controlled purchase. Indeed, only Officer Rains himself stated *he* instructed the CI to "order narcotics from [Defendant,]" a statement about which Officer Rains was subject to cross-examination. And nothing within Officer Montes's testimony suggested any statement attributable to the CI regarding Defendant's plan for the narcotics in his possession.

{9}     Defendant argues that Confrontation Clause violations may nonetheless occur when testimony incorporates implied or inferred statements by absent declarants, thus precluding the need for a violation to arise from the utterance of a direct statement by that absent declarant. Defendant further contends that because the "questions and answers [at issue here] conveyed the substance of testimonial statements" by a CI, such testimony violated the Confrontation Clause despite the absence of direct statements by the CI. We are unpersuaded by Defendant's argument in this regard and consider the authorities Defendant cites in support thereof to be distinct from the instant case. For example, Defendant cites *Gray v.*

*Maryland*, 523 U.S. 185, 196 (1998), for the proposition that the Confrontation Clause prohibits the use of implied testimony of absent declarants. There, a redacted version of a codefendant's confession was introduced into evidence, omitting the defendant's name and including instead a blank space or the word "deleted" where the name would have been. *Id.* at 188. While we agree with the United States Supreme Court's reasoning that the type of inferences at issue in *Gray* "involve statements that, despite redaction, obviously refer directly to someone, often obviously the defendant," we cannot overlook the distinct fact that a *statement* was entered into evidence in the form of the codefendant's confession. *Id.* at 196. Here, there was no such comparable statement by the CI that was entered into evidence.

{10} Defendant further cites *United States v. Meises*, 645 F.3d 5 (1st Cir. 2011), and *United States v. Jones*, 930 F.3d 366 (5th Cir. 2019), for the proposition that a Confrontation Clause violation may arise from law enforcement testimony that substantively—even if not explicitly—refers to statements made by an absent declarant. In both cases, law enforcement testimony described tips received from CIs regarding alleged crimes that were committed by the defendants, who were directly identified by the CIs as having committed the alleged crimes. *See Meises*, 645 F.3d at 21; *Jones*, 930 F.3d at 376. In *Meises*, the law enforcement agent testified that the CI identified the defendants as having participated in the drug deal. 645 F.3d at 21. In *Jones*, the law enforcement agent "testified that he *knew* that [the defendant]

6

had received a large amount of methamphetamine because of what the CI told him he heard from others." 930 F.3d at 376. Here, on the other hand, the CI's information provided to law enforcement did not explicitly incriminate Defendant as having *actually committed* the crime at issue—that is, distributing narcotics, but rather explained the context for law enforcement's investigation.

{11}    As further stated in *Jones*, "[t]estifying officers may refer to out-of-court statements to provide context for their investigation or explain 'background' facts, so long as the out-of-court statements are not offered for the truth of the matter asserted therein, but instead for another purpose: to explain the officer's actions." *Id.* at 377 (internal quotation marks and citation omitted); *see also id.* (emphasizing that "when such evidence comes into play, the prosecution must be circumspect in its use, and the trial court must be vigilant in preventing its abuse" and noting that "[s]tatements exceeding the limited need to explain an officer's actions can violate the Sixth Amendment—where a nontestifying witness specifically links a defendant to the crime" (alteration, internal quotation marks, and citations omitted)). We conclude the challenged portions of the officers' testimony in the instant case fit into this type of permissible reliance on out-of-court statements by CIs, given the nonspecific nature of the testimony at issue, which focuses generally on the function of controlled buys and the manner in which law enforcement relies on CIs. Therefore, even though *Jones* and *Meises* establish that implied statements may in

certain circumstances result in Confrontation Clause violations, we conclude that the implied statements in the instant case are wholly distinct from the implied statements in such cases and do not constitute Confrontation Clause violations.[2]

{12}     We turn now to Defendant's argument that the above testimony of Officers Rains and Montes constituted inadmissible hearsay. "Hearsay" is defined as "a statement that . . . the declarant does not make while testifying at the current trial or hearing," and that "a party offers in evidence to prove the truth of the matter asserted in the statement." Rule 11-801(C) NMRA. Just as a Confrontation Clause violation requires an out-of-court testimonial statement by an unavailable declarant, *see Navarette*, 2013-NMSC-003, ¶ 7, so does the hearsay rule, which then requires the out-of-court statement to have been offered to prove the truth of the matter asserted.

---

[2]We note that our conclusion in this regard is in part additionally informed by Defendant's decision not to raise on appeal arguments regarding prosecutorial misconduct or sufficiency of the evidence, which would have (1) afforded us the opportunity to examine the prosecutor's statements during opening and closing arguments, which are not evidence, *see State v. Cordova*, 2014-NMCA-081, ¶ 14, 331 P.3d 980 ("[A]rgument of counsel is not evidence."); and (2) allowed us to examine whether the State had adequately proven the intent element of the charged crime of possession with an intent to distribute, which was ostensibly only supported by the testimony of law enforcement and references to the controlled buys conducted with the CI. *See State ex rel. Hum. Servs. Dep't v. Staples*, 1982-NMSC-099, ¶¶ 2-3, 98 N.M. 540, 650 P.2d 824 (cautioning that an appellate court should not reach issues that the parties have failed to raise in their briefs). On the other hand, we do not intend to endorse the litigation approach taken by the prosecutor here. Having inferred that the informant would play no role in the testimony, the prosecutor used what can be viewed as sleight of hand to use the circumstance of the buy the officers set up to prove intent. We consider the approach to be unduly sharp practice.

Here again, however, the officers' testimony did not repeat any out-of-court statements by the CI—the would-be declarant. Without repeating an actual statement made by the CI, neither officers' testimony constitutes hearsay, and we conclude the district court did not err in overruling Defendant's objections on such basis. Our above conclusions regarding Defendant's Confrontation Clause and hearsay assertions as well preclude further review of Defendant's argument regarding prejudicial constitutional error, given that such argument rests also upon his assertion of error related to the admission of the Officers' testimony regarding the CI. Finding no such error, we decline to consider this argument further.

{13} We next briefly address Defendant's argument that the district court erred in denying his motion to exclude the officers' testimony as a discovery sanction. "Trial courts possess broad discretionary authority to decide what sanction to impose when a discovery order is violated." *State v. Le Mier*, 2017-NMSC-017, ¶ 22, 394 P.3d 959. "The propriety of a trial court's decision to exclude or not to exclude witnesses is reviewed for abuse of discretion." *Id.* "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *Id.* (internal quotation marks and citation omitted). "In reviewing the district court's decision, [the appellate

c]ourt views the evidence—and all inferences to be drawn from the evidence—in the light most favorable to the district court's decision." *Id.*

{14} While Defendant contends that the district court abused its discretion by denying his motion to exclude the officers' testimony regarding the CI, under a theory that testimony related to the CI curtailed Defendant's ability to present his planned defense, following our own review of the record and briefing herein, we conclude there to be no error in the district court's denial of such motion. Indeed, we credit the district court's observation that defense counsel was made aware of Officer Rains' testimony to the grand jury regarding the CI, and that Defendant therefore had reasonable notice that the State may elect at trial to pursue a theory based upon such information and present evidence in support thereof. We discern no error in the district court's refusal to exclude testimony as a discovery sanction.

{15} Defendant's final argument—that he was deprived of reasonable notice regarding the State's theory of the case—is for similar reasons unavailing.[3] As stated, Defendant knew of the CI's involvement disclosure by the State to him of the grand jury proceedings and, therefore, had notice that the State might well elect to

---

[3] Despite asserting that the State deliberately suppressed further evidence regarding the confidential informant, Defendant does not claim prosecutorial misconduct, and we will not make such an argument on his behalf. *See Staples*, 1982-NMSC-099, ¶¶ 3, 5 (stating that "courts risk overlooking important facts or legal considerations when they take it upon themselves to raise, argue, and decide legal questions overlooked by the lawyers who tailor the case to fit within their legal theories" (alteration, internal quotation marks, and citation omitted)).

pursue a theory of prosecution that incorporated this aspect of its investigation. Defendant fails to demonstrate that the district court erred in its ruling in this regard.

**CONCLUSION**

{16}    For the above reasons, we affirm.

{17}    **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

_____
**MEGAN P. DUFFY, Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**
**retired, sitting by designation**

11