This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40792**

**BRADLEY RYAN,**

Plaintiff-Appellee,

v.

**EDWARD GARRISON II,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Bradford Dalley, District Court Judge**

Rodey, Dickason, Sloan,
Akin & Robb, P.A.
Jocelyn Drennan
Albuquerque, NM

for Appellee

Atkinson & Kelsey, P.A.
Thomas C. Montoya
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}** Defendant Edward Garrison II, appeals from the district court's judgment in favor of Plaintiff Bradley Ryan after a bench trial on Plaintiff's claims of malicious abuse of process, intentional infliction of emotional distress, and defamation.[1] Defendant argues (1) the district court erred by denying his motion for summary judgment on all claims

---

1At trial, the district court granted Defendant's motion for directed verdict on Plaintiff's fourth claim, prima facie tort.

because a previous stipulated dismissal between the parties in a domestic violence petition under the Family Violence Protection Act (FVPA), NMSA 1978, §§ 40-13-1 to -13 (1987, as amended through 2019), barred all claims; (2) Plaintiff's malicious abuse of process claim was improper, as a matter of law, because Defendant had probable cause to file the domestic violation petition; (3) Defendant's conduct did not rise to the level of extreme and outrageous conduct necessary for intentional infliction of emotional distress; and (4) there was a lack of substantial evidence to establish Plaintiff's defamation claim.[2] We affirm.

**DISCUSSON**

**{2}**     We reserve discussion of facts when necessary for our review because this is a memorandum opinion that involves three lengthy, separate records, the parties are familiar with the facts and multiple procedural histories, and the nature of our analysis.

**{3}**     We begin with a review of basic appellate principles to remind Defendant of his burdens on appeal. We do so because—as we repeatedly discuss below—Defendant fails to present most issues sufficiently for our review. This Court operates under the presumption of correctness in favor of the district court's ruling, and it is the appellant's burden to demonstrate how the district court erred on appeal. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the district court erred). "We will not search the record for facts, arguments, and rulings in order to support generalized arguments" and the appellant must "demonstrate through discussion of facts, arguments, and rulings appearing in the record" how the district court erred. *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104. The arguments made on appeal cannot be "surface presentations only." *Id.* When the argument is unclear, this Court will not review it. *See Headley v. Morgan Management Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be."). Lastly, "[w]e generally require appellants contesting the sufficiency of a court's finding to marshal all of the evidence in support of the findings and then demonstrate that even if the evidence is viewed in a light most favorable to the decision reached below, together with all reasonable inferences attendant thereto, the evidence is insufficient to support the findings." *Stanley v. N.M. Game Comm'n*, 2024-NMCA-006, ¶ 15, 539 P.3d 1224 (internal quotation marks and citation omitted). With these principles in mind, we turn to our review of Defendant's arguments on appeal.

**I.     Summary Judgment**

**{4}**     Defendant first argues that Plaintiff's claims were barred under the language of the stipulated dismissal of the domestic violence petition. Before Plaintiff filed claims

---

2Defendant also argues in his brief in chief that the district court erred by awarding Plaintiff attorney fees, but concedes in his reply brief that he failed to preserve this issue. As such, we do not consider this argument further. *See Vigil v. Taintor*, 2020-NMCA-037, ¶ 8, 472 P.3d 1220 ("We will not review arguments that were not preserved in the district court." (internal quotation marks and citation omitted)).

against Defendant in the case before us on appeal, Defendant filed for an order of protection against Plaintiff on behalf of his children under the FVPA, alleging that Plaintiff had been sexually abusing Defendant's children. The petition proceeded to an evidentiary hearing before a hearing officer after litigation between the parties. The evidentiary hearing took place over two days, and the hearing officer recommended that the petition be dismissed, finding that "[Defendant] had not met his burden, under the FVPA, to prove by a preponderance of the evidence that domestic abuse of [the children] occurred."

{5}     The district court, however, declined to adopt the hearing officer's recommendation and recommitted the matter for a new evidentiary hearing. The district court found that the hearing officer "took over eighteen hours of disjointed and after hours testimony" when it "did not find that domestic abuse occurred by a preponderance of the evidence." The district court ordered that the hearing officer "will hold a hearing on the [p]etition in this matter," "will limit the time allocated to both sides to allow for presentation of their evidence in a coherent, concise manner," and will consider "all relevant evidence after it has been presented in a matter of, at most, a few hours."

{6}     Defendant and Plaintiff then filed a joint motion to dismiss the domestic violence petition. The parties stated that they "agreed to settle this matter by stipulating to dismissal with prejudice of all claims, defenses, allegations, and assertions which were raised or could have been raised in this case, with each party to pay its own fees and costs." The hearing officer entered a recommended dismissal based upon the stipulated dismissal, which the district court signed and entered into the record. Thus, a new evidentiary hearing was not conducted.

{7}     In the case before us now on appeal, Defendant moved for summary judgment on all Plaintiff's claims citing the language of the stipulated dismissal of the domestic violence petition. Defendant argued that Plaintiff's claims were "barred by the doctrines of estoppel by judgment, res judicata, or estoppel or waiver." Defendant contended that Plaintiff was required to bring his claims as counterclaims in response to the domestic violence petition under Rule 1-013(A) NMRA (stating requirements for a compulsory counterclaim), citing the New Mexico Constitution's provision that district courts are courts of general jurisdiction. After two motion hearings and supplemental briefing on whether Defendant was an actual party to the domestic violence petition, the district court denied Defendant's motion for summary judgment.

{8}     In its order, the district court gave an extensive overview and analysis explaining why Plaintiff's claims could not be brought under the FVPA. The district court based its ruling on the FVPA's limited remedies and specialized nature. The district court held that Section 40-13-3(A), (B), (C), (E), and (F), when read together, "limit the contents of the petition to 'facts showing the alleged domestic abuse'" and "clearly separate a FVPA action from any other judicial proceeding and clearly state that remedies under the FVPA 'are in addition to and shall not limit other civil or criminal remedies available to the parties.'" As such,

> [c]ivil and criminal actions are specifically preserved as separate matters by the FVPA. The process due under the FVPA is quick and succinct. The FVPA does not anticipate, nor does the narrow subject matter and process due require, a lengthy procedural, discovery, and trial process. Requiring parties to bring all matters that they could possibly maintain against one another in a FVPA case subverts the purpose and function of the FVPA.

The district court also held that Section 40-13-5(D) "makes it clear that the remedies and relief available under the FVPA are subordinate to other types of litigation." Additionally, Sections 40-13-4 and -5 give "narrowly focused relief and remedies under the [FVPA]," and Section 40-13-5(B)(5) "limits monetary awards to the material losses associated with the violent abuse [and] the reasonable threat of abuse to the victim by the restrained party, not all possible losses. This limit on damages narrowly focuses the litigation under the FVPA and supports the abbreviated type of litigation anticipated in a FVPA action." Therefore,

> [i]t is abundantly clear that the purpose of the FVPA is to achieve the limited goal of rapidly protecting people who are facing the specter of domestic abuse and violence. It is not a species of general civil litigation that requires litigants to raise all possible claims and defenses that could be raised by either party or the claims and defenses are waived. Orders of [p]rotection are [the] only remedy available if a [p]etition under the FVPA is filed.

**{9}** The district court then gave two alterative holdings to deny Defendant's motion for summary judgment. First, the district court held that Defendant was not a party to the domestic violence petition because Defendant's "personal interests were never in play in the DV litigation" because the children, not Defendant, were the protected party. Second, the district court held "an action under the FVPA is independent of any other cause of action, relief and remedies," and "must be read as limited to all matters and issues that could be properly raised and adjudicated in the context of an action initiated as a petition seeking the remedies and relief available under the [FVPA]."

**{10}** Defendant now argues he was a party to the domestic violence petition and the district court should have applied the language of the stipulated dismissal to preclude Plaintiff's claims. We affirm the district court's denial of Defendant's motion for summary judgment. Assuming without deciding that Defendant was a protected party in the domestic violence petition, contrary to the district court's order, Defendant fails to address on appeal the district court's holding that Plaintiff's complaint could not have been brought under the FVPA. We explain.

**{11}** "Generally, we will not review the denial of a summary judgment motion after the trial court has entered a final judgment on the merits of the case." *Beaudry v. Farmers Ins. Exch.*, 2018-NMSC-012, ¶ 9, 412 P.3d 1100. "However, where a motion for summary judgment is based solely on a purely legal issue which cannot be submitted to

the trier of fact, and the resolution of which is not dependent on evidence submitted to the trier of fact, the issue should be reviewable on appeal from the judgment." *Id.* (text only) (citation omitted). As such, we review the district court's denial of Plaintiff's motion for partial summary judgment de novo. *See id.*

**{12}** Defendant characterizes the question of whether Defendant was a party to the domestic violence petition as the "crux" of the district court's denial. Yet the district court's order primarily focuses on the district court's interpretation of the FVPA and conclusion that the FVPA provides a limited, specific relief such that an action commenced under the FVPA could not allow for general, civil actions to be litigated. The district court's holding states, in part, that "[e]ven if . . . Defendant is a real party in interest in [the domestic violence petition], an action under the FVPA is independent of any other causes of action, relief and remedies" and therefore FVPA only allows for "remedies and relief available" under the statute.

**{13}** Despite the district court's clear analysis and interpretation of the FVPA, Defendant makes no attempt to address the district court's reasoning. In fact, Defendant explicitly disclaims any need to address the district court's review of the FVPA. "[Plaintiff] argues that the crux of the district court['s] decision was its statutory construction analysis regarding the [FVPA]. There is no need to engage in statutory construction." Instead of elaborating on why there is no need to engage in statutory analysis, Defendant merely reiterates the arguments he made to the district court—Rule 1-013(A) required that Plaintiff bring his claims during the domestic violence petition and district courts are courts of general jurisdiction.

**{14}** We find these arguments unpersuasive. First, Defendant gives an incomplete citation to Rule 1-013. Defendant's citation only includes the language of Rule 1-013(A), which states, "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Defendant does not include the portion of Rule 1-013(A), which states that "the pleader need not state the claim if . . . (2) the opposing party brought suit upon [their] claim by attachment *or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim*, and the pleader is not stating any counterclaim under the rule." Rule 1-013(A)(2) (emphasis added). The district court's interpretation of the FVPA—which Defendant does not ask us to review—mirrors the exception in Rule 1-013(A)(2). The district court found that the FVPA provided only a limited remedy of monetary damage related to the alleged abuse and no other losses because of the abbreviated, specialized nature of a domestic violence petition.

**{15}** Second, Defendant fails to develop his argument that the district court had general jurisdiction to hear Plaintiff's claims as counterclaims to the FVPA petition. Defendant fails to connect his argument to any specific claim of error in the district court's reasoning and decision to deny his motion for summary judgment. *See Lovato v. Crawford & Co.*, 2003-NMCA-088, ¶ 30, 134 N.M. 108, 73 P.3d 246 (stating that a party's briefing on appeal was not helpful in understanding their statutory theories in

part because the party threw "out legal theories without connecting them to any elements and any factual support for the elements" like the party did at the district court). "We will not review unclear arguments, or guess at what a party's arguments might be." *Elane Photography, LLc v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (text only) (citation omitted). "To rule on an inadequately briefed issue, this Court would have to develop the arguments itself, effectively performing the parties' work for them." *Id.*; *see In re Doe*, 1982-NMSC-099, ¶ 3, 98 N.M. 540, 650 P.2d 824 (stating that "courts risk overlooking important facts or legal considerations when they take it upon themselves to raise, argue, and decide legal questions overlooked by the lawyers who tailor the case to fit within their legal theories." (text only) (citation omitted)). Because Defendant's argument is undeveloped and we will not construct Defendant's argument for him, we decline to review this argument further.

**{16}** Therefore, we affirm the district court's denial of Defendant's motion for summary judgment. We now turn to Defendant's remaining arguments, beginning with Defendant's contention that entry of judgment in Plaintiff's favor on the malicious abuse of process claim was in error.

## II.     Malicious Abuse of Process

**{17}** Defendant contends that the district court's entry of judgment on the malicious abuse of process claim must be reversed as a matter of law. Defendant argues that the evidence at trial established he had probable cause to file the domestic violence petition, which Defendant contends is a complete defense to a claim of malicious abuse of process. Defendant also argues that the domestic violence petition was privileged and he has absolute immunity for involvement in judicial proceedings. We disagree and explain.

**{18}** Defendant's argument that probable cause is a complete defense to a malicious of abuse of process claim misunderstands the elements of the claim itself. To establish malicious abuse of process, a plaintiff must show "(1) the use of process in a judicial proceeding that would be improper in the regular prosecution or defense of a claim or charge; (2) a primary motive in the use of process to accomplish an illegitimate end; and (3) damages." *O'Brien v. Behles*, 2020-NMCA-032, ¶ 33, 464 P.3d 1097 (internal quotation marks and citation omitted). "The first element (misuse of process) requires an overt act, which may be shown in *one of two ways*: (1) filing a complaint without probable cause, *or* (2) an irregularity or impropriety suggesting extortion, delay, or harassment, or some other illegitimate end." *Id.* ¶ 34 (emphasis added) (internal quotation marks omitted). There are therefore two types of malicious abuse of process claims—those based on lack of probable cause or those based on procedural impropriety. *See* UJI 13-1636 NMRA use note (listing general elements of a malicious abuse of process claim and stating that either "UJI 13-1639 NMRA (probable cause) or UJI 13-1640 NMRA (procedural impropriety) should be used together with this instruction, *depending on the claim*." (emphasis added)).

**{19}** The case law that Defendant cites to also supports this interpretation. In *LensCrafters, Inc. v. Kehoe*, our Supreme Court emphasized that "[t]he filing of a proper compliant with probable cause, *and without any overt misuse of process*, will not subject a litigant to liability for malicious abuse of process, even if it is the result of a malicious motive." 2012-NMSC-020, ¶ 35, 282 P.3d 758 (emphasis added) (internal quotation marks and citation omitted). Although probable cause is a defense to one method of establishing misuse of process, it is not a complete defense to the claim as a whole. Therefore, even if a litigant has probable cause to file in a judicial proceeding, a malicious abuse of process claim can still be brought if there is an overt misuse of process.

**{20}** Here, the district court found Defendant "maliciously misused and actively participated in the misuse of [the] legal process" and Defendant's "primary motive in misusing and actively participating in misusing the legal process was to accomplish an illegitimate end." Defendant does not specifically challenge these findings, and therefore these findings are conclusive. *See* Rule 12-318(A)(4) NMRA (stating that an appellant's arguments "shall set forth a specific attack on any finding, or the finding shall be deemed conclusive"). Therefore, Plaintiff properly established a malicious abuse of process claim under the second theory—procedural impropriety.

**{21}** We are similarly unpersuaded by Defendant's privilege or immunity argument. Defendant asserts that the domestic violence petition and proceedings are privileged without argument or citations in support. "We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority. We therefore will not do this research for counsel. Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal." *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329.

**{22}** To the extent that Defendant's argument rests on his claim of absolute immunity, the immunity Defendant cites to is only for defamation, not any civil claim. *See Stryker v. Barbers Super Mkts., Inc.*, 1969-NMCA-119, ¶ 8, 81 N.M. 44, 462 P.2d 629 ("Generally, defamation in judicial proceedings is privileged even though the defamation is false or malicious."); *Zuniga v. Sears, Roebuck & Co.*, 1983-NMCA-113, ¶ 11, 100 N.M. 414, 671 P.2d 662 ("There is an absolute immunity from liability for defamatory statements made in court proceedings or at administrative hearings."); *Gregory Rockhouse Ranch, L.L.C. v. Glenn's Water Well Serv., Inc.*, 2008-NMCA-101, ¶ 18, 144 N.M. 690, 191 P.3d 548 ("An absolute or unqualified privilege means absolute immunity from liability for defamation." (internal quotation marks and citation omitted)), *abrogated on other grounds by Helena Chem. Co. v. Uribe*, 2012-NMSC-021, ¶ 26, 281 P.3d 237.

**{23}** We therefore affirm the district court's entry of judgment for Plaintiff on Plaintiff's malicious abuse of process claim. We next turn to Defendant's arguments on the intentional infliction of emotional distress claim.

## III. Intentional Infliction of Emotional Distress

**{24}** Defendant argues that the district court erred by entering judgment in favor of Plaintiff on Plaintiff's intentional infliction of emotional distress claim. Defendant argues that the district court erred as a matter of law by failing to first determine whether Defendant's conduct was extreme and outrageous before submission to the fact-finder, and that there was insufficient evidence to support the district court's finding. We disagree and explain.

**{25}** Defendant first contends that the district court should have determined whether his conduct was extreme and outrageous as a matter of law as a threshold issue before allowing the claim to proceed. Defendant cites to *Padwa v. Hadley*, 1999-NMCA-067, ¶ 9, 127 N.M. 416, 981 P.2d 1234, where this Court stated, "Initially, the court determines as a matter of law whether conduct reasonably may be regarded as so extreme and outrageous that it will permit recovery under the tort of intentional infliction of emotional distress." Defendant gives an incomplete citation to *Padwa*. This Court continued by stating that "[w]hen reasonable persons may differ on that question, *it is for the jury to decide*, subject to the oversight of the court." *Id.* Therefore, the district court did not err by considering whether Defendant's conduct was extreme and outrageous only in its role as the fact-finder.

**{26}** Defendant makes a separate substantial evidence challenge, but we hold that Defendant waived the argument on appeal because he failed to comply with the New Mexico Rules of Appellate Procedure. Defendant argues that there was only a "paucity" of evidence to support the district court's finding that his conduct was extreme and outrageous for the intentional infliction of emotional distress claim. Defendant fails to demonstrate how the district court's finding that "[t]he conduct of [Defendant] was extreme and outrageous under the circumstances" was unsupported by substantial evidence other than Defendant's argument that we should hold—as a matter of law— that the evidence in Defendant's favor does not rise to extreme and outrageous conduct. "We generally require appellants contesting the sufficiency of a court's finding to marshal all of the evidence in support of the findings and then demonstrate that even if the evidence is viewed in a light most favorable to the decision reached below, together with all reasonable inferences attendant thereto, the evidence is insufficient to support the findings." *Stanley*, 2024-NMCA-006, ¶ 15 (internal quotation marks and citation omitted). "A contention that a verdict, judgment, or finding of fact is not supported by substantial evidence shall be deemed waived unless the argument identifies with particularity the fact or facts that are not supported by substantial evidence." Rule 12-318(A)(4). "Where the appellant fails to include the substance of all the evidence bearing upon a proposition, the Court of Appeals will not consider a challenge to the sufficiency of the evidence." *Wachocki v. Bernalillo Cnty. Sheriff's Dep't*, 2010-NMCA-021, ¶ 17, 147 N.M. 720, 228 P.3d 504 (internal quotation marks and citation omitted). Defendant's discussion of only facts that Defendant argues contradict the district court's decision, and omission of all evidence bearing on the finding, necessarily fails to demonstrate how the district court's finding was not supported by substantial evidence. *See id.* Therefore, Defendant's challenge to the district court's finding that Defendant's conduct was extreme and outrageous is deemed waived, and we decline to address it further.

**{27}** Therefore, we affirm the district court's entry of judgment on Plaintiff's intentional infliction of emotional distress claim. We next turn to Defendant's argument that there was insufficient evidence to support the district court's judgment in favor of Plaintiff on Plaintiff's defamation claim.

## IV.     Defamation

**{28}** Defendant argues that the district court's entry of judgment on Plaintiff's defamation claim must be reversed because (1) all of his statements during the domestic violence proceedings were privileged and not defamatory as a matter of law; and (2) there was a lack of substantial evidence to establish harm to Plaintiff's reputation.

**{29}** Defendant's argument regarding privileged communications during domestic violence proceedings is unavailing because the district court's ruling on Plaintiff's defamation claim was based on Defendant's publication of defamatory communications outside of a legal proceeding. The district court found, in relevant part, that Defendant "published communications outside of a legal proceeding," "[t]he communications were defamatory, in that they were wrongful and unprivileged, and caused injury to [Plaintiff]'s reputation," and "[t]he communications caused actual injury to [Plaintiff]'s reputation." *See also* UJI 13-1002 NMRA (listing elements of a claim of defamation). Defendant therefore failed to meet his burden of demonstrating how the district court erred. *See Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8 (stating that the burden is on the appellant to clearly demonstrate that the district court erred).

**{30}** To the extent Defendant claims that there was a lack of substantial evidence to support the district court's finding that Defendant published defamatory statements, we will not consider this argument because Defendant raised it for the first time in his reply brief. *See Wilcox v. N.M. Bd. of Acupuncture & Oriental Med.*, 2012-NMCA-106, ¶ 15, 288 P.3d 902.

**{31}** With regard to the district court's finding of harm to Petitioner's reputation, we hold that Defendant waived this argument because he once again failed to comply with New Mexico Rules of Appellate Procedure. Defendant fails to demonstrate how the district court's finding that Petitioner's reputation was harmed was unsupported by substantial evidence and instead provided this Court with the conclusory statement. "Simply stated, [Plaintiff] submitted no evidence at all regarding an injury to his reputation." "Where the appellant fails to include the substance of all the evidence bearing upon a proposition, the Court of Appeals will not consider a challenge to the sufficiency of the evidence." *Wachocki*, 2010-NMCA-021, ¶ 17 (internal quotation marks and citation omitted).

**{32}** Based on the forgoing we affirm the district court's entry of judgment on Plaintiff's defamation claim.

## CONCLUSION

**{33}** For the foregoing reasons, we affirm the district court's judgment on all issues.

**{34}  IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**J. MILES HANISEE Judge**

**ZACHARY A. IVES, Judge**